FILED

2023 Feb-22  PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **CINDERELLA REEDER, as personal representative of the Estate of Douglas Harold Hart, deceased Plaintiff,**<br><br>**v.**<br><br>**CITY OF VESTAVIA HILLS, et al., Defendants.** | **Case No.: 2:22-cv-00292-AMM** |

**DEFENDANT CITY OF VESTAVIA HILL'S**
**ANSWER TO AMENDED COMPLAINT**

Defendant Vestavia Hill's herein answers the Amended Complaint (Doc. 14), including its affirmative defenses.

**INTRODUCTORY STATEMENT, JURISDICTION, AND PARTIES**[1]

1.     Denied.

2.     Denied.

3.     Admitted that the Court has jurisdiction over 42 U.S.C. § 1983 claims.  Admitted that venue is proper.  Any other allegations are denied.

4.     Insufficient information to admit or deny.

---

[1] Headings in the amended complaint are provided for ease of reference only.  To the extent necessary, any factual allegations in a heading are denied.

5.     Defendant Dan Rary has been dismissed.   No response is required.  Otherwise, denied.

6.     Admitted.

7.     Admitted.

8.     Admitted.

9.     Defendant Benjamin Giles has been dismissed.  No response is necessary.  Otherwise, denied.

10.     Defendant Joel Gaston has been dismissed.   No response is necessary.  Otherwise, denied.

**FACTUAL ALLEGATIONS**

11.     Insufficient information to admit or deny.

12.     Admit that police vehicle dashcam videos recorded parts of the events.  Insufficient information to admit or deny any remaining allegations.

13.     Admit that 746/46 is the call sign for Campbell.  Admit that 738/38 was the call sign for Stewart during the relevant time.  Insufficient information to admit or deny any remaining allegations.

14.     Insufficient information to admit or deny.

15.     Insufficient information to admit or deny.

16.     Insufficient information to admit or deny.

17.     Insufficient information to admit or deny.

18.    Insufficient information to admit or deny.

19.    Insufficient information to admit or deny.

20.    The police dispatch recordings speak for themselves.  Without reviewing records and reports from over two years ago, the City has insufficient information to admit or deny.

21.    The police dispatch recordings speak for themselves.  Without reviewing records and reports from over two years ago, the City has insufficient information to admit or deny.

22.    Insufficient information to admit or deny.

23.    Insufficient information to admit or deny.

24.    Insufficient information to admit or deny.

25.    Insufficient information to admit or deny.

26.    Insufficient information to admit or deny.

27.    The police dispatch recordings speak for themselves.  Without reviewing records and reports from over two years ago, the City has insufficient information to admit or deny.

28.    Insufficient information to admit or deny.

29.    Insufficient information to admit or deny.

30.    Insufficient information to admit or deny.

31.    Insufficient information to admit or deny.

32.     Insufficient information to admit or deny.

33.     Insufficient information to admit or deny.

34.     Insufficient information to admit or deny.

35.     Insufficient information to admit or deny.

36.     Admitted that Old Overton Road is a two-lane, paved road with grass shoulders.  Admitted that Old Overton Road is connected to residential and business areas.  Deny any remaining allegations.

37.     Insufficient information to admit or deny.

38.     Insufficient information to admit or deny.

39.     Insufficient information to admit or deny.

40.     Insufficient information to admit or deny.

41.     Insufficient information to admit or deny.

42.     Deny that Hart was not threatening Campbell when Hart moved toward Campbell in a vehicle, ignoring police commands.  Insufficient information to admit or deny any and all remaining allegations.

43.     Insufficient information to admit or deny.

44.     Insufficient information to admit or deny.

45.     Insufficient information to admit or deny.

46.     Insufficient information to admit or deny.

47.     Insufficient information to admit or deny.

48.    Denied.

49.    Denied.

50.    The report speaks for itself.  Insufficient information to admit or deny any and all residual or collateral allegations.

51.    The report speaks for itself.  Insufficient information to admit or deny any and all residual or collateral allegations.

52.    Insufficient information to admit or deny.

53.    Insufficient information to admit or deny.

54.    Insufficient information to admit or deny.

55.    Insufficient information to admit or deny.

56.    Insufficient information to admit or deny.

57.    Denied.

58.    Denied.

59.    Insufficient information to admit or deny the specific language from Alabama code.  The writing speaks for itself.

60.    Denied.

61.    Denied that defendants "justif[ied] Hart's killing" by providing inaccurate information.  Insufficient information to admit or deny any and all remaining allegations.

62.    Insufficient information to admit or deny.

63.    Insufficient information to admit or deny.

64.    Insufficient information to admit or deny.

65.    Insufficient information to admit or deny.

66.    Insufficient information to admit or deny.

67.    Insufficient information to admit or deny the specific language from Alabama code.  The writing speaks for itself.  Allegations regarding a putative obligation to contact a community mental health officer in this situation are denied.

68.    Admitted that the City provides training, instruction, supervisions of its police officers.  Insufficient information to admit or deny any and all remaining allegations.

69.    Admitted that Campbell completed Alabama Peace Officers and Standards Training on April 4, 2019, and that Stewart completed the same training on April 12, 2018.  Admitted that Stewart received training on interactions with persons with mental illness.  Insufficient information to admit or deny any and all remaining allegations.

70.    Denied.

71.    Deny that a Crisis Intervention Team or Crisis Intervention Coordinator is required under state or federal law.  Insufficient information to admit or deny any and all remaining allegations.

72.    Denied.

73.    Insufficient information to admit or deny.

74.    Insufficient information to admit or deny.

75.    Denied that Defendants failed to act as a reasonably prudent police officer in this circumstance.  Insufficient information to admit or deny any remaining allegations.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

## COUNT ONE – 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT-LOSS OF LIFE

81.    This cause of action has been dismissed.  No response is necessary.

82.    This cause of action has been dismissed.  No response is necessary.

83.    This cause of action has been dismissed.  No response is necessary.

84.    This cause of action has been dismissed.  No response is necessary.

## COUNT TWO – 42 U.S.C. § 1983 – EXCESSIVE FORCE

81.     This cause of action pertains to Defendants Campbell and Stewart.  To the extent a response is required, Defendant incorporates its previous responses.[2]

82.     This cause of action pertains to Defendants Campbell and Stewart.  To the extent a response is required, denied.

83.     This cause of action pertains to Defendants Campbell and Stewart.  To the extent a response is required, denied.

84.     This cause of action pertains to Defendants Campbell and Stewart.  To the extent a response is required, denied.

85.     This cause of action pertains to Defendants Campbell and Stewart.  To the extent a response is required, denied.

**COUNT THREE – FAILURE TO TRAIN, INSTRUCT, SUPERVISE, CONTROL OR DISCIPLINE AGAINST DEFENDANTS POLICE CHIEF DAN RARY, CORPORAL BENJAMIN GILES, LIEUTENANT JOEL GASTON, AND AGAINS THE CITY OF VESTAVIA HILLS**

86.     This cause of action has been dismissed.  No response is necessary.

87.     This cause of action has been dismissed.  No response is necessary.

88.     This cause of action has been dismissed.  No response is necessary.

89.     This cause of action has been dismissed.  No response is necessary.

90.     This cause of action has been dismissed.  No response is necessary.

91.     This cause of action has been dismissed.  No response is necessary.

---

[2] The numbers 81-84 are repeated in the Amended Complaint.

92.    This cause of action has been dismissed.  No response is necessary.

93.    This cause of action has been dismissed.  No response is necessary.

## COUNT FOUR – WRONGFUL DEATH

94.     This cause of action pertains to Defendants Campbell and Stewart.  To the extent a response is required, Defendant incorporates its previous responses.

95.     This cause of action pertains to Defendants Campbell and Stewart.  To the extent a response is required, denied.

96.     This cause of action pertains to Defendants Campbell and Stewart.  To the extent a response is required, denied.

97.     This cause of action pertains to Defendants Campbell and Stewart.  To the extent a response is required, denied.

98.     This cause of action pertains to Defendants Campbell and Stewart.  To the extent a response is required, denied.

## COUNT FIVE – MUNICIPAL LIABILITY

99.     To the extent a plaintiff can adopt and incorporate by reference previous allegations, Defendant incorporates its previous responses.

100.   Denied.

101.   Denied.

102.   Denied.

## COUNT SIX – 42 U.S.C. § 1983 – FAILURE TO INTERVENE AS TO DEFENDANT CAMPBELL

103.     This cause of action pertains to Defendant Campbell.  To the extent a response is required, denied.

104.     This cause of action pertains to Defendant Campbell.  To the extent a response is required, denied.

105.     This cause of action pertains to Defendant Campbell.  To the extent a response is required, denied.

## AFFIRMATIVE DEFENSES

***Affirmative Defense 1.***     Plaintiff has failed to state a claim upon which relief may be granted.

***Affirmative Defense 2.***     The allegations of municipal liability in Count V of the Amended Complaint fail to state a claim for which relief can be granted under *Alabama Code* § 11-47-190.

***Affirmative Defense 3.***     To the extent Plaintiff claims negligence against the City, contributory negligence is affirmatively plead.

***Affirmative Defense 4.***     Any award of punitive damages against a City is unconstitutional because, in the absence of a limit on punitive damages, an award of punitive damages would deprive this Defendant of fair notice of the severity of the penalty that may be imposed upon him and would result in arbitrary punishment that reflects not an application of law but a decision-maker's caprice.   *See Philip Morris USA v. Williams,* 549 U.S. 346 (2007).

***Affirmative Defense 5.***     The Plaintiff's claims to punitive damages, or the determination of the amount of punitive damages, violate the United States

Constitution and/or the common law and/or the public policies of the United States on the following grounds:

a.  It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

b.  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates this Defendant's rights to due process as guaranteed by the United States Constitution.

c.  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

d.  The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and this Defendant's due process rights.

e. The Plaintiff's claim for punitive damages against this Defendant cannot be sustained because an award of punitive damages is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the United States or the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate this Defendant's due process and equal protection rights as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

f. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of this Defendant's due process rights.

g. The Plaintiff's claims for punitive damages against this Defendant cannot be sustained because any award of punitive damages would violate this Defendant's due process rights in as much as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish

and deter and without a necessary relationship to the amount of actual harm caused.

h.  The Plaintiff's claims of punitive damages, or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law.

i.  The Plaintiff's claims of punitive damages, or the determination of punitive damages cause this Defendant to be treated differently from other similarly situated persons/entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

j.  The Plaintiff's claims of punitive damages, or the determination of punitive damages subject this Defendant to punishment for the conduct of others through vicarious liability, respondent superior, or through non-apportionment of damages among joint tortfeasors based on the respective enormity of their alleged misconduct, in violation of Defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

k.  The Plaintiff's claims for punitive damages, or the determination of punitive damages exposes this Defendant to the risks of indefinable, unlimited

liability unrelated to the actual loss caused by this Defendant's conduct, creating a chilling effect on Defendant's exercise of his right to a judicial resolution of this dispute.

l.  The Plaintiff is not entitled to recover punitive damages because it violates the self-incrimination clause of the Fifth Amendment to the United States Constitution to impose against this Defendant's punitive damages, which are penal in nature, yet compel this Defendant to disclose potentially incriminating documents and evidence.

m. An award of punitive damages in this case would constitute a deprivation of property without due process of law.

n.  The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

o.  The procedures pursuant to which punitive damages are awarded subject this Defendant to punishment under a law not fully established before the alleged offense.

***Affirmative Defense 6.***   The Plaintiff's claims to punitive damages violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

a.  It is a violation of Article I, §§ 1 and 6 of the Alabama Constitution to impose punitive damages, which are penal in nature, upon a civil

15

defendant, upon the Plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" standard required in criminal cases.

b.  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant in violation of this Defendant's due process rights guaranteed by the Alabama Constitution.

c.  The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law in violation of the Alabama Constitution.

d.  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages and deprive this Defendant of due process of law in violation of the Alabama Constitution.

e.  An award of punitive damages in this case would constitute a deprivation of property without due process of law.

f.  The procedures pursuant to which punitive damages are awarded cause this Defendant to be treated differently from other similarly situated persons and/or entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the

amount of such awards.

g.  The procedures pursuant to which punitive damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies this Defendant his rights of equal protection and due process.

h.  The procedures pursuant to which punitive damages may be awarded allow excessive fines to be imposed in violation of Article I, § 15 and Article I, § 1 of the Alabama Constitution and in violation of this Defendant's due process rights.

i.  The procedures pursuant to which punitive damages are awarded subject this Defendant to punishment under a law not fully established before the alleged offense, in violation of Article I, § 7 of the Alabama Constitution.

j.  It is a violation of the Alabama Constitution to impose punitive damages against this Defendant, which are penal in nature, yet compel this Defendant to disclose potentially incriminating documents and evidence.

k.  The procedures pursuant to which punitive damages are awarded subject this Defendant to punishment for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among joint tortfeasors based on the respective enormity of their alleged misconduct, in violation of this Defendant's due process rights and

Article I,§§ 1, 6, 13 and 22 of the Alabama Constitution.

l.  The procedures pursuant to which punitive damages are awarded expose this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's conduct, creating a chilling effect on this Defendant's exercise of his right to a judicial resolution of this dispute.

m. The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

n.  The Plaintiff's claim for punitive damages against this Defendant cannot be sustained because an award of punitive damages subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the United States and the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate this Defendant's due process and equal protection rights guaranteed by the Alabama Constitution.

o.  The Plaintiff's claims for punitive damages against this Defendant cannot be sustained because any award of punitive damages would violate

this Defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

***Affirmative Defense 7.***   An award of punitive damages will violate a City's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and this Defendant's rights under Article I, §§ 6 and 13 of the Constitution of Alabama of 1901, because: (a) the standard for an award of punitive damages is so vague, indefinite and uncertain that it does not give this Defendant adequate notice of the kind of conduct for which they may be liable for punitive damages or the extent of their possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on

19

the basis of individually discriminatory characteristics, including without limitation the residence, wealth, and corporate status of this Defendant; (e) this Defendant may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity, and uniformity.

**Affirmative Defense 8.**   The claims of Plaintiff's for punitive damages against the City cannot be upheld, because any award of punitive damages without bifurcating the trial of all punitive damages would violate this Defendant's due process rights guaranteed by the United States Constitution and the Alabama Constitution.

**Affirmative Defense 9.**   Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, the claims of the Plaintiff's for punitive damages cannot be upheld against a City because an award of punitive damages without the same protections that are accorded criminal defendants, including, but not

limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate this Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 1, 5, 6, 7, 9, 11, 13 and 22 of the Alabama Constitution. These rights will be violated unless this Defendant is afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by Defendant for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

*Affirmative Defense 10.* The Plaintiff cannot recover punitive damages against theCity because such an award, which is penal in nature, would violate this Defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended in the Constitution of the United States, unless this Defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents.

*Affirmative Defense 11.* The claims of the Plaintiff for punitive damages against theCity cannot be upheld, because an award of punitive damages under Alabama law for the purpose of compensating the Plaintiff's for elements of damage

21

not otherwise recognized by Alabama law would violate this Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

**Affirmative Defense 12.** The claims of the Plaintiff for punitive damages against this Defendant cannot be upheld to the extent they are a violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

**Affirmative Defense 13.** The Plaintiff's claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of *BMW v. Gore,* 116 S. Ct. 1589 (1996).

**Affirmative Defense 14.** The Plaintiff's claim for punitive damages cannot be upheld based on all grounds that the United States Supreme Court in *BMW v. Gore,* 116 S. Ct. 1589 (1996) determined that the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate a defendant's rights provided by the United States Constitution.

**Affirmative Defense 15.** The Plaintiff's claim for punitive damages cannot be upheld under *BMW v. Gore,* 116 S. Ct. 1589 (1996) to the extent it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to ensure that this Defendant will more fully comply with this

state's laws in the future.

*Affirmative Defense 16.* The Plaintiff's demand for punitive damages violates the due process clause of the Fourteenth Amendment in that the Plaintiff's claim for punitive damages is not necessary to vindicate the state's interest in punishing the City and deterring it from future misconduct.

*Affirmative Defense 17.* The Alabama Wrongful Death Statute (*Ala. Code* § 6-5-410) which allows only for an award of punitive damages is inconsistent and irreconcilable with the federal statute prohibiting an award for punitive damages against municipalities (42 U.S.C. §§ 1983, 1988) and other Alabama statutes (*Ala. Code* §§ 11-47-190 and 11-93-2), thereby rendering the statute unconstitutional under the Alabama and United States Constitutions and unenforceable.

*Affirmative Defense 18.* The City affirmatively pleads the statutory cap imposed by *Alabama Code* § 11-93-2.

*/s/  J. Bentley Owens, III*
J. Bentley Owens, III (ASB-1986-O44J)
Grace Graham (ASB-3040-A64G)
Attorneys for the City of Vestavia Hills

Of Counsel
ELLIS, HEAD, OWENS, JUSTICE & ARNOLD
113 North Main Street
P. O. Box 587
Columbiana, Alabama  35051
P:  (205) 669-6783 / F:  (205) 669-4932
bowens@wefhlaw.com / ggraham@wefhlaw.com


CERTIFICATE OF SERVICE

 I hereby certify that on February 22, 2023, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

G. Rick DiGiorgio
Brett C. Thompson
Leila H. Watson
Julianne Zilahy Boydstun
CORY WATSON, PC
2131 Magnolia Avenue South
Suite 200
Birmingham, Alabama  35205

*/s/  J. Bentley Owens, III*
Of Counsel